David R. Paoli
Philip C. Shadwick Jr.
**PAOLI KUTZMAN, P.C.**
257 West Front Street, Suite A
P.O. Box 8131
Missoula, Montana 59802
(406) 542-3330

FILED NOV 8 8 2011

SHIRLEY E. FAUST, CLERK
By Diana Overholtzer
   Deputy

*Attorneys for Plaintiff*

## MONTANA FOURTH JUDICIAL DISTRICT COURT,
## MISSOULA COUNTY

| | |
|---|---|
| Jennie M. Fretts, <br><br> Plaintiff, <br><br> v. <br><br> GT Advanced Technologies Corporation, formerly known as GT Solar International, Inc. <br><br> Defendant. | Cause No.: DV-11-1442 <br> Dept. No.: 2 <br> Robert L. Deschamps, III <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Jennie M. Fretts, and for her Complaint against Defendant, alleges as follows:

1. Plaintiff Jennie M. Fretts (Jennie) is, and at all times relevant hereto was, a resident of Missoula County, Montana, and a citizen of the State of Montana.

2. Based on information and belief, GT Advanced Technologies

Exhibit B

Corporation, formerly known as GT Solar International, Inc. (GTS) is incorporated in the State of Delaware. Its headquarters are located at 243 Daniel Webster Highway, Merrimack, New Hampshire 03054.

3. Pursuant to Mont. Code Ann. § 25-2-122(2)(a) and (b), venue is proper before this Court.

### Factual Allegations

4. Michael Shane Challeen (Challeen) was, and continues to be, employed by GTS at the time the events which are the subject of this action.

5. GTS requires Challeen to travel to Missoula, MT and work in the Missoula GTS office periodically each month.

6. When Challeen works in Missoula, he stays at one of two hotels where GTS maintains a corporate rating plan.

7. On October 21, 2009, Challeen stayed at the DoubleTree Hotel located at 100 Madison, Missoula, Montana.

8. On or about October 21, 2009, Challeen traveled from Butte to Missoula to work in the GTS office according to custom.

9. The sole purpose of Challeen's trip to Missoula was to work for GTS.

10. On the evening of October 21, 2009, Challeen's supervisor, Michael

Brown, traded vehicles with Challeen.

11. On the morning of October 22, 2009, Challeen left his hotel, driving Mike Brown's vehicle, in route to the GTS office to complete his duties as a GTS employee.

12. Challeen was driving northbound on Pattee Street and approached the intersection of Pine Street and Pattee Street.

13. At the same time, Jennie was attempting to cross Pine Street in a southerly direction on the west side of the intersection and was in the designated crosswalk.

14. Challeen initiated a left turn.

15. Challeen forcefully struck Jennie with Brown's truck as she crossed the street and knocked her to the ground.

16. Jennie suffered serious debilitating injuries from the truck's impact.

17. Jennie's injuries include but are not limited to: loss vision in her left eye, permanent facial and ankle scarring, a broken left ankle which required surgical repair and fixation, complex scull base fracture, left orbital fracture with entrapment, optic nerve neuropathy, left second rib fracture, jaw fracture, left tibia fracture, various abrasions, and adjustment disorder with mixed emotional features.

Exhibit B

### Count One
### (Negligence)

18. Jennie realleges all of the previous paragraphs as though set forth here in full.

19. Challeen owed Jennie a duty of reasonable care while driving Mr. Brown's truck.

20. Challeen breached the duty of reasonable care by striking Jennie as she walked across the street in a designated crosswalk.

21. Challeen's negligence caused Jennie to suffer injuries.

22. Jennie has incurred damages, including lost wages and medical expenses, as a result of the injuries Challeen caused her.

23. Jennie will continue to incur damages in the future.

### Respondeat Superior

24. Jennie realleges all previous paragraphs as though set forth here in full.

25. Challeen was, and continues to be, employed by GTS when he struck Jennie.

26. Challeen's sole purpose for being in Missoula was to serve the interests of GTS.

27. GTS maintains a corporate rate plan at the DoubleTree Hotel for its employees' benefit when working in Missoula. Challeen stayed at the DoubleTree Hotel the night before he injured Jennie.

28. Challeen was on his way to the GTS office to perform duties as a GTS employee when he struck Jennie.

29. GTS, as Challeen's employer, is liable for Challeen's negligence because he was acting in the course and scope of his employment with GTS.

30. GTS is liable to Jennie for the serious, severe and permanent injuries she suffered and continues to suffer as a result of the collision caused by Challeen on October 22, 2009.

## Count Two
### (Emotional Distress)

1. Jennie realleges all previous paragraphs as though set forth here in full.

2. Challeen's negligence and the resulting injuries caused Jennie to suffer emotional distress, mental anguish and anxiety.

### Prayer

WHEREFORE, the Plaintiff asks for judgment against Defendant for the following:

1. For an amount sufficient to compensate her for her significant, permanent injuries and pain and all special and general damages incurred in the past and in the future;

2. For damages resulting from her emotional distress, mental anguish and anxiety; and

3. For other and further relief as this Court shall deem just and proper.

### Demand for Jury Trial

COMES NOW the Plaintiff, Jennie M. Fretts, and demands a trial by jury.

DATED this 8th day of November, 2011.

PAOLI KUTZMAN, P.C.

By: _____
David R. Paoli
Attorney for the Plaintiff