IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JENNIE M. FRETTS, | CV 11-160-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| GT ADVANCED TECHNOLOGIES CORPORATION, formerly known as GT SOLAR INTERNATIONAL, INC., and MICHAEL CHALLEEN, | |
| Defendants. | |

Before the Court are Plaintiff's motions *in limine*. (Doc. 50.) Plaintiff moves the Court to exclude evidence or reference to collateral source payments and contributory negligence.

Neither Defendant objects to Plaintiff's motion to exclude evidence at trial of prior payments received, although both Defendants reserve the right to offer such evidence to offset any jury award. Evidence of collateral source payment is prohibited at trial; the "jury shall determine its award without consideration of any collateral sources," and only after the jury makes its determination, the trial judge may reduce the award "at a hearing and upon a separate submission of evidence related to the existence and amount of collateral sources." Mont. Code Ann.

§ 27–1–308(3). Accordingly, all parties are ordered to refrain from introducing evidence regarding collateral source payments or benefits paid or payable to Plaintiff.

Defendant Challeen requests an order that the amount of any judgment rendered will be reduced by money previously paid to Plaintiff. The Court cannot enter such an order at this time. Offsets depend on the jury determining the Plaintiff is entitled to an award in the first place, and as to collateral source payments, the Plaintiff must be fully compensated. Then, Defendants must move the Court for an adjustment to the award. The Court will then make the following determinations at a separate hearing: which payments are from tortfeasors and which are from collateral sources; whether the collateral source payments have a subrogation right; and whether the jury award is adequately specific to make offsets for the collateral source payments.

There is no Montana law denying Defendants the affirmative defense of comparative negligence. Plaintiff contends evidence of comparative negligence is of no consequence in determining the action because she had no legal duty. Plaintiff asks the Court to conclude that she could not have been comparatively negligent because she had no duty to act in a particular manner as a pedestrian.

The existence of a legal duty presents a question of law to be determined by the Court. *Gatlin-Johnsone ex rel Gatlin v. City of Miles City*, 291 P.3d 1129,

1132 (Mont. 2012). Plaintiff relies on the pedestrian traffic statutes to establish that she had no legal duty. Yet, both statute and Montana case law impose a legal duty on pedestrians. Mont. Code Ann. § 61–8–501 ("A pedestrian shall obey the instructions of any traffic control device . . . ."); Mont. Code Ann. § 61–8–502 ("a pedestrian may not suddenly leave a curb or other place of safety and walk or run into the path of a vehicle"); *Oberson v. U.S.*, 311 F. Supp. 2d 917, 960 (D. Mont. 2004) ("Every person has a duty to exercise reasonable care to prevent injury to himself." (citing Mont. Code Ann. § 27–1–701)); *Hightower v. Alley*, 318 P.2d 243, 247 (Mont. 1957) ("A pedestrian and a motorist have equal rights in the use of a public highway, but a pedestrian must use ordinary care for his own safety."); *Sorrells v. Ryan*, 281 P.2d 1028, 1030 (Mont. 1955) ("Ordinary caution must be observed by drivers and pedestrians both at and between crossings."); *Webster v. Mt. Sts. Tel. & Telegraph Co.*, 89 P.2d 602, 603 (Mont. 1939) ("At a street crossing a pedestrian need only exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under proper control. Both are required to exercise the degree of care that conditions demand."). The Court can only conclude that Plaintiff had a legal duty to act according to the statutory requirements and with ordinary care. Whether or not Plaintiff breached her duties under the particular circumstances of the collision is a question of fact for the jury.

Plaintiff's motion as to contributory negligence is denied subject to renewal at trial.

In accordance with the foregoing, IT IS ORDERED Plaintiff's motions *in limine* are GRANTED in part and DENIED in part.

DATED this 5th day of March, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT